**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

SHARELLE M. WILSON,                )
                                   )
            Plaintiff,             )
                                   )
v.                                 )          Case No. 21-CV-269-TCK-JFJ
                                   )
TRACEY E. PERSONS, and             )
DEBORRAH LUDI LEITCH,              )
                                   )
            Defendant.             )

## OPINION AND ORDER

Before the Court is the Motion to Dismiss Plaintiff's Complaint filed by defendant Tracey E. Persons ("Persons").  Doc. 9. Persons seeks dismissal of the Complaint for Violation of Civil Rights filed by *pro se* plaintiff Sharelle M. Wilson ("Plaintiff") for failure to comply with the requirements of Fed. R. Civ. P. 8(a) and for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).  *Id.*  Plaintiff has not responded to the motion.

### I. Allegations of the Complaint

This lawsuit arises from a forcible entry and detainer action filed against Plaintiff in Tulsa County District Court (the "State Court Action"), Case No. SC-2021-5229.  Doc. 1.  Plaintiff's Complaint for Violation of Civil Rights (Non-Prisoner Complaint) alleges that the events giving rise to her claims occurred on "June 21 @ 2pm," when a default judgment was entered against her in a state court action in Tulsa County District Court "[d]ue to a lack of communication from state employees."  *Id.* at 4-5.  In her Complaint, Plaintiff alleges that she saw a man on her security camera breaking into her home. *Id* at 7.  When Plaintiff got home, she realized the locks had been changed.  *Id.*  The next day, Plaintiff started to change the locks back, and police showed up and told her a neighbor had reported a break-in.  *Id.*  Then a man matching the image from the security

camera showed up, stating that he is the owner of the home. *Id.* The police told the man that he could not break in and change Plaintiff's locks, and he needed to handle this in court. *Id.* Plaintiff was allowed to finish changing the locks back. *Id.* A week later, the camera showed somebody placing something on her door. *Id.* Plaintiff checked oscn.net and saw that an entity by the name of B. Conner was claiming Plaintiff had failed to pay rent and had refused to leave the house. *Id.* Plaintiff had never met anyone named B. Conner, and the man that broke into her home introduced himself as Chris. *Id.* The alleged summons that was placed on Plaintiff's door had numerous false statements and although it states that it came with an affidavit, no affidavit was attached. *Id.*

The Complaint alleges, *inter alia*, that:

- The man named Chris broke in and went through my personal IRS documents and certificates and mail to get my information to use against me [without] having any prior contract agreement or authorization to use any of it. Based o[n] his criminal activity he has brought a friv[o]lous claim against me in the name of someone else alleging to have landlord tenant relationship; and

- The alleged summons that was placed on my door had numerous false statements and did not come with an affidavit which it states it did come with one. After looking up the Oklahoma code for forcible entry §21-1351

*Id.* at 7.

Citing 21 O.S. §1351, the Complaint further asserts that Plaintiff's right to due process was violated. That statute states:

[E]very person guilty of using or procuring, encouraging or assisting another to use any force, or violence in entering upon or detaining any lands or other possessions of another except in the cases and manner allowed by law, is guilty of a misdemeanor."

*Id.*

Citing 21 O.S. §1351, the Complaint asserts that Plaintiff's right to due process was violated "as it states that a required Administrative hearing must be done prior to any district court proceedings," but a few days later, while checking oscn.net she found "they conducted this hearing

2

in district court completely ignoring Oklahoma and HUD statutes and codes meanwhile using those codes against me without proof of authorization to use HUD codes pursuant to 48 USC § 52.212-5." *Id.* at 7.

Plaintiff contends that Persons violated her rights under 42 U.S.C. § 1983 by:

- "furnishing of deceptive forms with use of Trade name (SHARELLE MARIE WILSON) given protected material under threat, duress, and/or coercion." Doc. 1 at p. 5.

- "Administration of property without rights or contract [cf. Grand Theft] Simulation of the legal process [Cf. Texas Penal Code – PENAL §32.48]"Unauthorized Practice of law [Cf. Oklahoma Rules of Professional Conduct 5.5]" and "falsifies/forged forcible entry by Tracey E. Persons."

*Id.* at 5.

Plaintiff's complaint alleges claims of trespass; "the furnishing of deceptive forms with use of Trade Name under threat, duress and/or coercion;" violation of her rights under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.§§ 1692e and § 1692j; violation of 42 U.S.C. § 1983; and a non-existent HUD statute, 42 U.S.C. §1453d(k). Doc. 1 at 3.

Plaintiff demands that:

- the Court dismiss all allegations made against her by defendants in the State Court Action;

- the defendants be ordered to return all private intellectual property, tangible and intangible; and

- she be awarded fees and monetary restitution against defendants.

*Id.* at p. 5.

## II. Analysis

Based on the allegations of the Complaint, Plaintiff appears to be attempting to state a civil rights claim against both Tracey E. Persons—the attorney representing her landlord in the forcible entry and detainer action ("FED action") filed against her in Tulsa County District Court

("Persons")—and Deborrah Ludi Leitch, the Tulsa County Special Judge who presided over the case ("Judge Ludi Leitch").[1]

Persons seeks dismissal of the Complaint pursuant to Fed. R. Civ. P. 8(a) and Fed. R. Civ. P. 12(b)(6).

### A.  Fed. R. Civ. P. 8(a)

Fed. R. Civ. P. 8(a) provides:

> **(a) Claim for Relief.**  A pleading that states a claim for relief must contain:
>
> > **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> >
> > **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
> >
> > **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

"This standard, known as 'notice pleading,' is intended to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Barfield v. Commerce Bank, N.A.*, 484 F.3d 1276, 1281 (10th Cir. 2007) (internal citation omitted).  "[T]he Rule 8 pleading standard does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Id.*

Although the Complaint lists various federal statutes that allegedly form the basis for Plaintiff's § 1983 claim, it is devoid of factual allegations connecting Persons to any violation of those statutes.  Instead, the Complaint alleges that Persons engaged in the unauthorized practice of law and "falsifie[d]/forged" a 'forcible entry document.'" Doc. 1 at 5, 7. And while the Complaint seeks to collaterally attack the judgment for possession of a home entered against her in the FED

---

1 Judge Ludi Leitch has not been served in the case.

Action, it is devoid of factual allegations supporting her contention that Persons engaged in unauthorized practice of law. To the contrary, nothing links Persons to these events except that she acted as an attorney in the FED Action.  The Complaint fails to set forth any facts establishing that Persons' representation of the alleged landlord in the forcible entry and detainer action violated Plaintiff's rights under §1983.

Moreover, Plaintiff's claim that Persons engaged in the unauthorized practice of law in violation of Rule 5.5 is subject to dismissal, as it is well settled that the provisions of the Oklahoma Rules of Professional Conduct ("ORPC") are not designed to be a basis for civil liability. Specifically, the ORPC provides:

> Violation of a Rule should not give rise to a cause of action nor should it create presumption that a legal duty has been breached.  The Rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies.  They are not designed to be a basis for civil liability. Furthermore, the purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons.  The fact that a rule is a just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the Rule.  Accordingly, nothing in the Rules should be deemed to augment any substantive legal duty of lawyers or the extra-disciplinary consequences of violating such a duty.

5 Okla. Stat. App. 3-A, *Scope*, ¶20. "The Oklahoma Supreme Court possesses original and exclusive jurisdiction to prosecute any alleged attorney rule violations" and "a violation of such rules does not provide a basis for a private right of action in tort."  *Mahorney v. Waren*, 60 P.3d 38, 40 (Okla. Civ. App. 2002).

Accordingly, Plaintiff's Fed. R. Civ. P. 8(a) claim against Persons is subject to dismissal.

### B.  Fed. R. Civ. P. 12(b)(6)

Persons contends Plaintiff's Complaint should also be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for "failure to state a claim upon which relief can be granted."  To survive a Rule

12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  The plaintiff bears the burden to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief.  *Id.* at 556. Allegations in a complaint must be sufficient to show that a plaintiff plausibly, (not just speculatively) has a claim for relief.  *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008)).    "When a complaint fails to comply with the requirements of Rule 8(a), the district court has the power, on motion or sua sponte, to dismiss the complaint." *Hamilton v. County of Madera*, 2021 WL 1577819 at *4 (E.D. California, 2021).

### 1. FDCPA Claim

Plaintiff's Complaint alleges violation of her rights under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.§§ 1692e and § 1692j; 42 U.S.C. § 1983; and a non-existent HUD statute, 42 U.S.C. §1453d(k). Doc. 1 at 3.

Section 1692e of the FDCPA prohibits a debt collector from using any "false deceptive, or misleading representation or means in connection with the collection of any debt."  Here, the sole allegations concerning Persons are  that: (a) she engaged in the unauthorized practice of law and (b) she "falsifie[d]/forged" a "forcible entry document." *Id.* at p. 5. The Complaint is devoid of facts supporting either contention, nor does it describe how these allegations are connected to the federal statutes Plaintiff claims were violated.

Where, as in this case, "a complaint fails to comply with the requirements of Rule 8(a), the district court has the power, on motion or sua sponte, to dismiss the complaint." *Hamilton v. County of Madera*, 2021 WL 1577819 (E.D. California, 2021).

Moreover, an attorney is not a "debt collector" subject to the provisions of the FDCPA unless debt collection is the "principal purpose" of the attorney's law practice or the attorney "regularly engages in debt collection.  15 U.S.C. §1592a(6); *James v. Wadas*, 724 F.3d 1312, 1318 (10th Cir. 2013).

Here, Plaintiff's Complaint is devoid of any allegations that the principal purpose of Persons' law practice is debt collection or that she regularly engages in debt collection. Accordingly, Plaintiff's FDCPA claim against Persons is subject to dismissal pursuant to Rule 12(b)(6).

## 2. 42 U.S.C. §1983 Claim

Section 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citing *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)).  A party may be a state actor because he is a state official, he acted together with or has obtained significant aid from state officials, or his conduct is otherwise chargeable to the state." *Barnard v. Young*, 720 F.2d 1188, 1189 (10th Cir. 1983) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982)).

However, "[a]pplication of the *Lugar* test does not change the vast weight of authority that private attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of section 1983." *Barnard v. Young*, 720 F.23d 1188, 1189 (10th Cir. 1983) (citing *Polk County v. Dodson*, 454 U.S. 312, 318 (1982)).  *See also Hoai v. Vo*, 935 F.2d 308, 313 (D.C. Cir. 1991) ("Private parties . . . may be deemed to have acted under color of law in two

circumstances: when they conspire with state officials, and when they willfully engage in joint activity with a state or its agents"). Accordingly, "Section 1983 liability turns on whether the [party's] complaint can support a finding of "joint activity." *Id.* (citing *Lugar*. 457 at 939 n. 21)).

Furthermore, "[i]t is well established that mere recourse to state or local court procedures does not by itself constitute 'joint activity' with the state sufficient to subject a private party to liability under section 1983." *Id.* (internal citations omitted). Instead, "the 'joint activity theory of [s]ection 1983 liability continues to require, at a minimum, some overt and significant state participation in the challenged action." *Id.* (citing *Lugar*, 457 U.S. at 927).

Although it is unclear from the Complaint what specific conduct by Persons is alleged to have violated Plaintiff's rights, it appears that any possible wrongful actions would have been carried out in connection with her conduct as an attorney in the FED Action. The Complaint, however, is devoid of any factual allegations supporting a conclusion that Person's role in the lawsuit was in any capacity other than as attorney for Conner, the plaintiff in the state Court Action.

Accordingly, Person's motion for dismissal of the § 1983 claim must also be granted.

### III. Conclusion

For the foregoing reasons, Persons' Motion to Dismiss Plaintiff's Complaint (Doc. 9) is hereby granted.

ENTERED this 22nd day of March, 2022.

TERENCE C. KERN
United States District Judge

8